UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LORETTA ALFIERO, | ) |
|                PLAINTIFF | ) |
| v. | ) |
| METLIFE AUTO & HOME INSURANCE AGENCY, INC., A BRAND OF, | ) CIVIL NO. 2:16-CV-513-DBH |
| AND | ) |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) |
|                DEFENDANTS | ) |

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This dispute is over the effect of an insurance policy's requirements that the parties engage appraisers to determine the amount of loss in the event the insurer and the insured disagree, and prohibiting suit under the policy unless the insured has fully complied with its terms. I conclude that the provisions are enforceable and therefore **GRANT** the insurer's motion for summary judgment on the insured's claim because the insured failed to engage in the appraisal process.

For over 125 years, standard fire insurance policies have provided that when the amount of a loss is disputed, either the insurer or the insured can demand arbitration or appraisal to determine the amount of loss, and that no lawsuit can be brought on a claim unless that policy requirement has been met.

See, e.g., Hamilton v. Liverpool & London & Globe Ins. Co., 136 U.S. 242 (1890).[1]

In Hamilton, the Supreme Court declared:

> Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England and in this country.

Id. at 255.

In Maine, a statute requires fire insurance policies to provide that in the event of a dispute over the value of an insured loss, one party can demand that each party "select a competent and disinterested appraiser," and the two appraisers are to "select a competent and disinterested umpire." "An award in writing . . . of any two . . . shall determine the amount of actual cash value and loss" and, according to the statute, each party must pay the expense of its own appraiser and half the expenses of the umpire. 24-A M.R.S.A. § 3002. No lawsuit for the recovery of any claim is "sustainable in any court . . . unless all the requirements of this policy shall have been complied with . . . ." Id. The Maine Law Court has reviewed such terms in the past, although not focused on the issue presented here. See, e.g., Oakes v. Franklin Fire Ins. Co., 120 A. 53 (Me. 1923); Mowry & Payson, Inc. v. Hanover Fire Ins. Co., 76 A. 875 (Me. 1909).[2]

In this case, the plaintiff insured had a homeowner's policy[3] with the defendant insurer that contained provisions substantially mirroring the

---

[1] In 1990, Maryland's Court of Special Appeals stated that the practice then was over 100 years old. Meyer v. State Farm Fire & Cas. Co., 582 A.2d 275, 275 (Md. Ct. Spec. App. 1990).
[2] In 1909 the provision was somewhat different in that each party had to name three appraisers; then each party would choose one of the other party's three, and those two would select a third.
[3] 24-A M.R.S.A. § 3003 recognizes combination coverages.

statutory language.[4] She incurred a loss on her insured premises (by vandalism, not fire), but she and the insurer ended up far apart on the recoverable loss. Def.'s Statement of Material Facts (SMF) (ECF No. 21) ¶ 18-29; Pl.'s Reply to Def.'s SMF (ECF No. 23-1) ¶ 18-29. The insurer proceeded to request an appraisal proceeding under the policy and nominated a particular appraiser, but the insured never responded by selecting her own appraiser. Def.'s SMF ¶ 41; Pl.'s Reply ¶ 41. Accordingly the insurer proceeded to deny her claim based in part upon her failure to comply with the appraisal clause. Def.'s SMF ¶ 42; Pl.'s Reply ¶ 42. She has now sued the insurer for recovery of her loss, and the insurer has moved for summary judgment, arguing that her failure to comply

---

[4] Def.'s Statement of Material Facts (SMF) (ECF No. 21) ¶ 1; Pl.'s Reply to Def.'s SMF (ECF No. 23-1) ¶ 1. The Policy itself is Exhibit B to the defendant's memorandum of law in support of its motion. Specifically, in a section titled "Property Conditions," the policy provides:

> Appraisal. If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.
>
> The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us**.
>
> **You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

Def.'s Ex. B (ECF No. 22-2) at H-2. In a separate section titled "General Conditions," the policy reads: "**Lawsuits Against Us.** No suit or action may be brought against **us** by **you** unless there has been full compliance with all of the policy terms." Id. at M-1.

3

with the appraisal clause dooms her claim. The material facts are not in dispute.[5]

The insured's only basis for opposing summary judgment is this:

> Ms. Alfiero [the insured] lives off of social security. Ms. Alfiero's monthly income is approximately $945.00 per month. The appraiser[ ]s that were contacted all gave estimates stating the appraisal would take approximately six to eight hours depending on travel time, and the hourly fee was $200.00 to $300.00 per hour. The total cost for just an appraiser selected by Ms. Alfiero would be a minimum of $1,200.00 and a maximum of $2,400.00. The amount that an appraiser costs vastly exceeds what Ms. Alfiero's income is. According to Metropolitan [the insurer] they can deny her claim because of her inability to pay for an appraiser after they denied her proof of loss statement.

Pl.'s Opp'n (ECF No. 23) at 8.

In Enger v. Allstate Ins. Co., 682 F. Supp. 2d 1094 (E.D. Cal. 2009), aff'd, 407 F. App'x 191 (9th Cir. 2010), the court dismissed an insured's lawsuit under a fire insurance policy with similar provisions where the insurer invoked the appraisal policy and the insured did not pursue it. Enger ruled that under California law "[completion of the appraisal process is] a precondition to Plaintiff's filing a lawsuit." Id. at 1099 (quoting Garner v. State Farm Mut. Auto. Ins. Co., No. C 08-1365 CW, 2008 WL 2620900, at *7 (N.D. Cal. June 30, 2008)). Likewise in United Community Ins. Co. v. Lewis, 642 So. 2d 59 (Fla. Dist. Ct. App. 1994), a Florida court ruled that the appraisal clause was "mandatory once invoked by one of the contracting parties." Id. at 60.[6] There is also the approving

---

[5] The plaintiff's legal memorandum does say that she opposes summary judgment "due to the conflicting information and numerous material facts in dispute." Pl.'s Opp'n (ECF No. 23) at 8. But she has admitted most of the defendant's stated material facts, and the few disputes are not material to this controversy.

[6] The remedy in Lewis is unclear. The trial court had denied a motion to dismiss and the court of appeals reversed. But it remanded "for the trial court to enter an order finding that arbitration [that is how the court characterized the appraisal process] was mandatory . . . and retaining

language in Hamilton quoted at the outset of this opinion. And in Fisher v. Merchant's Ins. Co., 50 A. 282, 284 (Me. 1901), Maine's Law Court stated: "A determination by arbitration of the amount of loss having been especially made by the parties a condition precedent to any right of action for recovery of damages for the loss, it was incumbent upon the plaintiff to prove performance or a valid excuse for nonperformance."

The parties have cited and I have found no contrary authority. Nor is this feature of the appraisal clause hidden from the lay public: the Maine Bureau of Insurance website maintains a "Frequently Asked Questions" page on homeowners insurance, and it too states that the parties "each choose an appraiser at [their] own expense." Maine Bureau of Insurance, Homeowners Insurance—Frequently Asked Questions, State of Maine Professional and Financial Regulation, https://www1.maine.gov/pfr/insurance/faq/homeowners.html#s (last visited June 28, 2017).

I conclude that the appraisal process is mandatory under Maine law, that the insured failed to participate in the process, and that she therefore cannot proceed in this lawsuit to recover her claim under the policy. Nothing in the statute, the policy or the caselaw suggests that inability to pay is an excuse.

This seems like a harsh outcome if indeed the insured homeowner could not cobble together resources to pay for an appraiser.[7] But the statute and the

---

jurisdiction for the purpose of enforcement." United Cmty. Ins. Co. v. Lewis, 642 So. 2d 59, 60 (Fla. Dist. Ct. App. 1994). The court made no reference to the effect of time limits in the policy. But the underlying complaint was for declaratory relief and therefore perhaps there was still time to engage the policy process.

[7] The record does not reveal whether the plaintiff might have pursued other avenues to pay for the appraiser such as a home equity loan. Because this is a summary judgment motion by the insurer, I proceed on the premise that the insured truly was unable to pay for an appraiser.

5

cases suggest no alternative.  I note that the same result of no coverage and no insurance benefits would follow if the insured were unable to pay her policy premium.[8]

The defendants' motion for summary judgment is **GRANTED**.[9]

**SO ORDERED.**

**DATED THIS 28TH DAY OF JUNE, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[8] The Supreme Court has said that due process and equal protection provide no relief against governmental fees "in the area of economics and social welfare" (in that particular case fees that were a condition to discharge in bankruptcy), United States v. Kras, 409 U.S. 434, 443-46 (1973) (distinguishing Boddie v. Connecticut, 401 U.S. 371 (1971), in which the fee for access to a judicial forum that was the only means of divorce was struck down); Harris v. McRae, 448 U.S. 297, 323 (1980) ("this Court has held repeatedly that poverty, standing alone is not a suspect classification").  This case of course is about fees that were the subject of private contract, but the Supreme Court cases suggest how difficult the argument of inability to pay really is.

[9] The insurer requested summary judgment on the entire complaint.  The insured has made no argument that her counts for breach of covenant of good faith and fair dealing and for unfair claims settlement practices survive independently of the contractual issue and I therefore do not address them.